# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

DOLIE BROWN,                                        :
                                                    :
        Plaintiff                               :
                                                    :
                                                    :
                                                    :
                                                    :
v.                                                  :          Civil Action No.
                                                    :
                                                    :
                                                    :
LIFE INSURANCE COMPANY OF NORTH AMERICA,            :
                                                    :
        Defendant                               :

------------------------------------------------------------------

## COMPLAINT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    Comes the Plaintiff, Dolie Brown (hereinafter "Plaintiff"), by counsel, and for her cause of action against Defendants, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA" or "Defendant"), states as follows:

### NATURE OF THE ACTION

1.    This is a dispute over long-term disability ("LTD") benefits. Defendant initially determined Plaintiff disabled from her own occupation and paid benefits. When the plan's definition of disability transitioned to any occupation, LINA terminated benefits. In its decision to terminate benefits, LINA (1) arbitrarily disregarded the opinions of Plaintiff's treating physicians, and an Independent Medical Examiner in favor of the opinions of file-only reviewing medical consultants, (2) did not seek to have Plaintiff physically examined by a provider of

its choosing even though the plan allows it to do so, and (3) did not reconcile its decision with the unbiased determination of the Social Security Administration ("SSA") that Plaintiff is disabled from all substantial gainful activity.[1]

2.      This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132(a)(1)(B) seeking benefits due pursuant to the terms of an employee benefit plan.  Plaintiff also seeks reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## PARTIES

3.      Plaintiff is currently a citizen of Moreauville, LA. Plaintiff's former employer, Head Start of Greater Dallas, Inc., sponsors an employee welfare benefit plan, as that term is defined in 29 U.S.C. § 1002(1), which provides long-term disability benefits.  Incident to her employment, Plaintiff received coverage under the plan as a "participant" as defined by 29 U.S.C. § 1002(7).

4.      Defendant, LINA, is an insurance company domiciled in Philadelphia, Pennsylvania. LINA insures the plan, is also the claim review fiduciary under the plan and is responsible for paying any LTD benefits under the plan.

## JURISDICTION AND VENUE

5.      Jurisdiction of the Court is based upon ERISA. This Court has jurisdiction under 29 U.S.C. §§ 1132(e)(1) to hear civil actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

---

[1] LINA received the benefit of this determination and award by recouping overpaid benefits, but was dismissive of SSA's analysis when terminating benefits.

6.     The ERISA statute provides a mechanism for administrative or internal appeal of benefit denials at 29 U.S.C. § 1133. Plaintiff has exhausted her administrative appeals.

7.     The ERISA venue statute provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because Defendant is domiciled in Philadelphia, PA, this Court is an appropriate venue for this action.

### FACTS PERTAINING TO PLAINTIFF'S DISABILITY CLAIM

8.     Plaintiff was a full-time employee at Head Start of Greater Dallas, Inc., employed as an Education Coordinator until she became disabled.

9.     As a full-time employee, Plaintiff was covered by the Head Start of Greater Dallas, Inc., Long-Term Disability Plan ("the plan").

10.     The plan was insured and administered by LINA.

11.     When she became disabled, Plaintiff applied for Long Term Disability benefits under the plan and LINA paid benefits for two years.

12.     After paying benefits for two years, LINA notified Plaintiff that her Long Term Disability benefits were being terminated because she no longer met the definition of disability.

13.     This termination constituted an adverse benefit determination, as that term is used in 29 C.F.R. § 2560.503-1.

14.     Pursuant to the administrative remedies in the plan, Plaintiff timely appealed the adverse benefit termination.

3

15.     LINA reaffirmed the prior decision to terminate benefits.

16.     Plaintiff timely filed a second appeal to LINA requesting a reversal of its decision to terminate benefits.

17.     LINA once again affirmed its denial of benefits in a letter dated May 09, 2016.

18.     The Social Security Administration ("SSA") has determined Plaintiff totally disabled due to her conditions.

19.     LINA improperly discounted or failed to afford appropriate weight to the Social Security Administration's determination of disability.  LINA did not specifically or adequately explain how Plaintiff can satisfy the SSA definition of being disabled from any substantial gainful activity, yet not be disabled under the plan's definition of disability. LINA cannot reconcile these opposite results, except that its own bias and conflict caused it to ignore relevant evidence.

20.     Treating hand surgeon Douglas Sammer, M.D. advised LINA that Plaintiff's "limitations are very real" and "small movements of the fingers, such as keyboarding and picking up small objects would be painful if not impossible on a repetitive basis."

21.     Treating hand surgeon Michelle R. Ritter, M.D., advised LINA that Plaintiff is unable to use her right hand.

22.     Without adequate explanation or justification, LINA totally disregarded the opinions of Plaintiff's treating physicians.

23.     On June 24, 2014, Plaintiff submitted to an Independent Medical Examination ("IME") with Deepak Sharma, M.D.

24.    After reviewing Plaintiff's medical records and performing an in person consultation and physical examination, Dr. Sharma opined that Plaintiff would only be able to work part time at a very low functional job.

25.    Without adequate explanation or justification, LINA disregarded the opinions of the IME physician.

26.    On December 10, 2015, Occupational Therapist Anna L. Lavespere, OT, CHT performed a Functional Capacity Assessment on Plaintiff and advised that she is "unable to sustain right upper extremity function..."

27.    LINA determined that Plaintiff "did not require any medically necessary physical functional limitations or work activity restrictions." In making this determination, LINA arbitrarily ignored information from Plaintiff, her treatment providers, the functional capacity evaluator and the independent medical examiner concerning her condition, restrictions, and limitations.

28.    The plan permits LINA to send Plaintiff for a medical evaluation with a provider of its choosing.

29.    LINA elected not to exercise its right to have Plaintiff evaluated by a medical professional and instead relied solely on the opinions of physicians conducting paper only records reviews.

30.    LINA made unreasonable assumptions based on the evidence, made unsupported factual determinations and wrongfully denied Plaintiff's claim for benefits.

31.     Due to its dual role as decision-maker of benefit claims and payer of benefits, LINA suffers from a structural conflict of interest that infected and biased its decision to terminate benefits.

32.     LINA failed to provide Plaintiff with a full and fair review of her claim. LINA's decision to deny Plaintiff's benefits was erroneous and in breach of its contractual obligations.

33.     LINA's review of Plaintiff's continued eligibility for benefits was improper and fails under any standard of review.

34.     Plaintiff has fulfilled all conditions for the receipt of benefits under the plan and has presented more than sufficient evidence of her continued disability to LINA.

35.     Plaintiff has exhausted her administrative remedies.

36.     Under 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to her under the terms of the plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

37.     Plaintiff is entitled to attorney fees and costs pursuant to 29 U.S.C. §1132(g)(1).

### REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendant and provide the following relief:

1.     Award Plaintiff all past due benefits and declare Plaintiff's right to reinstatement of benefits in the amount equal to the contractual amount of benefits to which she is entitled prospectively;

6

2.      Pre judgment interest on all benefits that have accrued prior to the date of

judgment;

3.      Attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit;

4.      Any and all other equitable relief Plaintiff is entitled to under ERISA; and

5.      Any other relief that may be equitable under the circumstances or to which

Plaintiff may appear entitled.

Respectfully submitted,

By:     _____
        Joseph Capitan, Esq. #307043
        MARTIN LLC
        1818 Market Street, 35th Floor
        Philadelphia, PA 19103
        jcapitan@paworkinjury.com
        p: 215.587.8400  f: 267.765.2033
        *Attorney for Plaintiff, Dolie Brown*